IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS DEWAYNE WALLER, #656257, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1374-N |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Jordan Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Pampa, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process to Respondent pending preliminary screening.

Statement of the Case: Petitioner was convicted of delivery of a controlled substance on March 29, 1993, in the 292nd Judicial District Court of Dallas County, Texas, in cause numbers

F93-41309 and F93-58719. (Pet. at 2-3). Punishment was assessed at twenty years imprisonment. He was thereafter released on mandatory supervision or parole.

In this action, Petitioner challenges the revocation of his parole on January 2, 2007. (*Id.* at 5). He concedes filing two state applications pursuant to art. 11.07, Texas Code of Criminal Procedure, on February 15, 2007, which are presently pending before the trial court. (*Id.* at 3-4).

On August 9, 2007, Petitioner filed the federal petition in this case, challenging his parole revocation on constitutional grounds.

<u>Findings and Conclusions</u>: This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c) (West 2007); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998);

*Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A review of the petition reflects that Petitioner has not satisfied the exhaustion requirement. His art. 11.07 applications are presently pending before the convicting court. On May 8, 2007, the convicting court issued orders designating issues. *See* Nos. W93-58719-D, and W93- 41309-D. The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the merits of Petitioner's grounds. Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.[1]

---

[1] Petitioner contends the trial court has "refused to issue a final decision since May 2007," when it filed orders designating issues. Contemporaneously with the filing of this action, Petitioner filed a motion for leave to file petition for writ of mandamus in the Texas Court of Criminal Appeals (TCCA), seeking to compel the trial court to rule on his art. 11.07 writs. *See* Ex parte Waller, No. WR-26770-05, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID-253959. The matter is pending before the TCCA.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies, see 28 U.S.C. § 2254(b) and (c).[2]

A copy of this recommendation will be mailed to Petitioner.

Signed this 4th day of September, 2007.

*/s/ Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[2] The Court cautions Petitioner that the 1996 amendment to the habeas corpus statute imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.